# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **FREDERICK L. DUGUAY 3RD** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. _____ |
| | ) | |
| **GULF COAST COLLECTION BUREAU,** | ) | |
| **INC.** | ) | |
| Defendant, | ) | |
| | ) | |

## COMPLAINT

### PRELIMINARY STATEMENT

1.    Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1601 et seq. (hereinafter referred to as the "Act"). Plaintiff seeks actual damages, punitive damages, costs and fees that exceed $75,000 exclusive of interest and costs.

### PARTIES

2.    Plaintiff is a natural person and is a citizen residing at 23 Haven Road, Wellesley, Massachusetts and is a "consumer" as defined by § 1681a (c) of the Act.

3.    Defendant is a corporation incorporated under and has its principal place of business in the State of Florida. On information and belief, Defendant regularly engages in the

solicitation of collecting debts under contracts for monetary compensation as a registered foreign corporation in the Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

4.     The United States District Court for the District of Massachusetts has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332 and has jurisdiction over state law and common law claims pursuant to the doctrine of pendant jurisdiction under 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391.

## STATEMENT OF FACTS

5.     Since on or about 2009, Defendant has alleged and reported to the national credit bureaus certain debts owed by Plaintiff in the amounts of $710.00 and $693.00 to Reproductive Medicine Group, and $506.17 to Tampa General Hospital (herein collectively referred to as the "Debts").

6.     Plaintiff states that the alleged Debts have no merit, basis in fact, and are untrue since the services were never performed and/or agreed to.

7.     Sometime around June 2010, Plaintiff received a collection call from a representative of Defendant regarding the alleged Debts. Plaintiff told Defendant's representative that the Debts were meritless and Plaintiff disputed them in good faith.

8.      On or about July 14, 2010, as is Plaintiff's lawful right in accordance with Section 809 (b) of the Act, Plaintiff sent via United States Postal Service Certified Return Receipt, a letter requesting (i) formal debt validation, (ii) notified Defendant that Plaintiff disputed the validity of the debts, and (iii) provided Defendant a telephone contact number so that Defendant would cease calling Plaintiff's office. Plaintiff's letter was signed for by Defendant's office on or about July 16, 2010. (a copy of the letter along with proof of Defendants receipt is attached hereto as Exhibit A.)

9.      Throughout July and September 2010, Defendant continued its collection activities which included telephonically calling Plaintiff's place of business, identify themselves as a debt collection company and speaking directly with Plaintiff's co-workers.

10.     On or about August 2, 2010, Defendant mailed Plaintiff a collection notice that included a statement that read "*Unless you [Plaintiff] notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.*" (a copy of the letter is attached as Exhibit B)

11.     Further, Defendant's August 2, 2010 letter indicated the "service date" of the $710.00 debt allegedly owed to Reproductive Medicine Group was shown ("re-aged") as May 4, 2010 versus Defendant's earlier correspondence that indicated a service date of July 16, 2008.

12.     On October 29, 2010, after more than 100 days from Plaintiff's request for debt

validation and ample opportunity for Defendant to validate the alleged debts, Plaintiff sent a

second letter to the Defendant notifying Defendant of its failure to provide debt validation

pursuant to Section 809 (b) of the Act and that Plaintiff had recently been denied a home

mortgage loan by two separate banking institutions, as well as, potential employment due the

erroneous information furnished by Defendant to the credit bureaus. (a copy of the letter is

attached as Exhibit C)

13.     On November 25, 2010, Defendant finally responded to Plaintiff's July 14, 2010

debt validation request. Plaintiff's debt validation reply from Reproductive Medicine Group

consisted of a single sheet printout that stated it was from RMG ART Laboratories merely

showing debits and credits, and from Tampa General Hospital apparent computer screen capture

shots that appeared to have Tampa General Hospital name typed on top off one of the pages. (a

copy of the provided debt validation documentation is attached as Exhibit D)

14.     As recently as March 2011, Defendant has (i) continued to report the alleged

Debts as valid to the credit bureaus, (ii) appears to have failed to notify the credit bureaus of

Plaintiff's good faith dispute of the Debts, and (iii) appears to have caused the $710.00 debt to be

listed as two separate derogatory accounts.

## STATEMENT OF CLAIMS

15.     In the entire course of its actions, Defendant willfully and/or negligently violated

the provisions of the Act in the following respects:

a.      By willfully and/or negligently failing to report to the credit bureaus Plaintiff's good faith dispute of debts, a violation of § 807(8) of the Act.

b.      By willfully and/or negligently failing to cease debt collection activities after Plaintiff's debt validation request, a violation of the § 809(b) of the Act.

c.      By willfully and/or negligently calling Defendant's place of employment and speaking with Defendant's co-workers, Defendant violated §§ 805 (a) (3) and 805 (b), (c) of the Act.

d.      By willfully and/or negligently failing, to provide Plaintiff with "timely" validation of the debts in accordance with § 809 (b) of the Act.

e.      By willfully and/or negligently failing to provide sufficient information to meet the standards of debt validation pursuant to § 802 (b) of the Act. (See Federal Trade Commission Opinion Letter Levre-Wollman; a printout listing the debt not on the original creditor letterhead is insufficient to meet the standards under Section 802 (b) of the Act.)

f.      By willfully and/or negligently "re-aging" the service date of the $710.00 debt from July 16, 2008 to May 4, 2010 in an apparent attempt to extend the reporting period and/or statute of limitations, Defendant violated § 605 (c) Act.

g.      By willfully and/or negligently providing inaccurate information to the credit bureaus that caused the $710.00 debt to be listed twice as two separate derogatory accounts, Defendant violated the Act.

h.      By willfully and/or negligently failing to provide any evidence that the debts were either assigned to or owned by the Defendant, Defendant violated the Act. (See *Gearing v. Check Brokerage Corp.* 233 F. 3rd 469 (7th Cir. 2000).

## PRAYER FOR RELIEF

THEREFORE, Plaintiff prays that the court grant:

a.       judgment herein in favor of Plaintiff and against Defendant, for all reasonable damages sustained by Plaintiff, including, but not limited to, compensatory damages associated with the costs of being denied credit, the costs incurred in repairing his credit history, out-of-pocket expenses, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, jeopardizing employment prospects, progress and career, and for punitive damages, attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable federal and states' laws, together with legal interest thereon from date of judicial demand until paid.

b.       preliminarily and permanently enjoin Defendants from reporting the un-validated derogatory debt information to the credit bureaus and making further defamatory statements.

c.       all such additional, general and equitable relief as may be deemed necessary, just and proper by the court.

## JURY DEMAND

Plaintiff demands a jury trial on all triable issues.

Dated: March 14, 2011

Respectfully submitted,

Frederick L. Daguay 3rd.
Pro Se
23 Haven Road
Wellesley, MA 02481
Tel. (813) 391-1942